**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CURTIS TOLBERT,

    Petitioner,

v.                                                                    Civ. No. 20-9 WJ/KK

MIKE DELATORRE, *et al.*,

    Respondents.

**ORDER ON PENDING MOTIONS
AND TO SHOW CAUSE**

THIS MATTER is before the Court on Petitioner Curtis Tolbert's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("Petition"), filed January 6, 2020. Also before the Court are Petitioner's Motion to Have Writ of Habeas Corpus to be Placed on Court Docket (Doc. 11) ("Motion to Supplement"), filed February 24, 2022, and his Motion to Request Appointment of Counsel (Doc. 13) ("Motion to Appoint Counsel"), filed March 23, 2022. In his Petition, Petitioner challenges his 2011 state criminal convictions based on allegations of, *inter alia*, due process violations and ineffective assistance of counsel. (Doc. 1.) Having reviewed the matter *sua sponte* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will grant the Motion to Supplement, deny the Motion to Appoint Counsel, and require Petitioner to show cause why his Petition should not be dismissed as untimely.

**I. Procedural Background**

In state court in 2011, Petitioner pled no contest to four counts of criminal sexual penetration of a minor, three counts of criminal sexual contact of a minor, two counts of contributing to the delinquency of a minor, and two counts of bribery of a witness. (Doc. 1 at 1); *New Mexico v. Tolbert*, Case No. D-202-CR-2009-3851 (2nd Jud. Dist. Ct., N.M., Plea &

Disposition Agreement, filed Apr. 19, 2011).[1] The state court sentenced him to 69 years' imprisonment, with 54 years suspended, for an actual term of 15 years. (Doc. 1 at 1); *Tolbert*, Case No. D-202-CR-2009-3851 (Judgment, filed Apr. 25, 2011). Judgment on the conviction and sentence was entered on April 25, 2011. Petitioner did not file a direct appeal. (Doc. 1 at 2.) The Judgment therefore became final no later than May 26, 2011, the first business day after the 30-day deadline to appeal expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of Section 2254, conviction becomes final after time for seeking direct review expires); N.M. R. App. P. 12-201(A)(1)(b) (direct appeal must be filed within 30 days after entry of judgment).

On November 9, 2011, Petitioner filed the first of several habeas petitions in state court. *Tolbert*, Case No. D-202-CR-2009-3851 (Petition for Writ of Habeas Corpus, filed Nov. 9, 2011). The following timeline reflects pertinent docket activity in the state court case between 2011 and 2020, when Petitioner filed this case.[2]

| | |
|---|---|
| May 26, 2011: | The Judgment becomes final. |
| | **- 167 days pass -** |
| November 9, 2011: | Petitioner files a habeas petition in state district court. |
| October 15, 2015: | The state district court enters an amended order dismissing the habeas petition. |
| March 15, 2017: | The New Mexico Supreme Court denies writ of certiorari. |

---

[1] The Court takes judicial notice of the docket in Petitioner's state court case, *New Mexico v. Tolbert*, Case No. D-202-CR-2009-3851 (2nd Jud. Dist. Ct., N.M.). *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (taking judicial notice of docket information from another court).

[2] The Court assumes, without deciding, that a 30-day appeal period should be added each time the state district court denied a filing by Petitioner. This calculation method benefits Petitioner and does not change the result in this case.

        **- 861 days pass -**

| | |
|---|---|
| July 24, 2019: | Petitioner files a second habeas petition in state district court. |
| October 8, 2019: | The state district court dismisses the second habeas petition. |
| November 8, 2019: | The deadline for Petitioner to appeal the order dismissing his second habeas petition expires and the order becomes final. |

        **- 59 days pass –**

| | |
|---|---|
| January 6, 2020: | Petitioner files his Petition in this case. |

*See Tolbert*, Case No. D-202-CR-2009-3851 (Docket Sheet from Apr. 25, 2011, to Jan. 6, 2020).

In addition, Petitioner filed two habeas petitions in state court after he initiated this federal proceeding. *Id.* (Petition for Writ of Habeas Corpus, filed Mar. 3, 2020; Amended Petition for Writ of Habeas Corpus, filed Nov. 13, 2020). The state court entered its most recent order denying habeas relief on March 18, 2021. *Id.* (Order Denying March 3, 2020 and November 13, 2020 Petitions for Writ of Habeas Corpus, filed Mar. 18, 2021). There are currently no habeas petitions pending in state court.

In his Petition before this Court, Petitioner argues that: (1) the State used unlawful surreptitious recordings of him; (2) his counsel failed to properly investigate his case or advise him on the plea; (3) his convictions constitute double jeopardy; (4) his arrest was improper; and, (5) the prosecutor committed misconduct. (Doc. 1.) Petitioner has also filed his Motion to Supplement (Doc. 11) and Motion to Appoint Counsel (Doc. 13). Petitioner has paid the $5 filing fee, and the matter is ready for initial review.

**II. Procedural Motions**

In his Motion to Supplement, Petitioner asks to have a "writ of habeas corpus … placed on the Court docket." (Doc. 11.) The proposed Amended Petition for Writ of Habeas Corpus 28 U.S.C.

§ 2254 attached to the Motion functions as a supplement to, rather than a replacement for, the original Petition; Petitioner moves to "add" it to the docket based on "new information." (*Id.* at 1-2.) The Court construes the proposed pleading as a supplement to the Petition (Doc. 1) and will grant Petitioner's request to consider it along with the original claims.

As to Petitioner's Motion to Appoint Counsel (Doc. 13), there is no constitutional right to such relief in a habeas proceeding. *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 & n. 10 (10th Cir. 2001). Relevant factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The Petition here raises fairly standard Section 2254 claims. Petitioner filed a detailed pleading supported by relevant state documents, and it is questionable whether he will prevail based on the apparent time bar. His Motion to Appoint Counsel (Doc. 13) will therefore be denied without prejudice.

### III. Timeliness of the Section 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner does not directly appeal the challenged judgment, it becomes final when the time for seeking such review expires. *Locke*, 237 F.3d at 1271-73. The one-year limitation period can be extended:

(1)     While a habeas petition is pending in state court, 28 U.S.C. § 2244(d)(2);

4

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, 28 U.S.C. § 2244(d)(1)(B);

(3)     Where the United States Supreme Court has recognized a new constitutional right, 28 U.S.C. § 2244(d)(1)(C); or,

(4)     Where the factual basis for the claim could not have been discovered until later, 28 U.S.C. § 2244(d)(1)(D). Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the one-year limitation period in this case began to run no later than May 26, 2011, when the deadline for Petitioner to directly appeal the Judgment expired. *See Locke*, 237 F.3d at 1271-73. One hundred and sixty-seven (167) days elapsed before Petitioner filed his first state habeas petition, which stopped the clock pursuant to Section 2244(d)(2). The first state habeas proceeding remained pending until March 15, 2017, when the New Mexico Supreme Court denied certiorari. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of Section 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [198 days]$^3$ resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019). The state court docket reflects no additional tolling activity during the next 198 days, and the one-year limitation period appears to have expired no later than October 2, 2017. The state court habeas petitions filed after that date did not restart the clock or otherwise impact the

---

[3] The Court arrived at this figure by subtracting the number of days that initially elapsed (167) from the one-year period (*i.e.,* 365 days in a year - 167 days = 198 remaining days).

expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, the Petition filed on January 6, 2020, appears to be time-barred.

For these reasons, the Court will require Petitioner to show cause in writing why the Court should not dismiss the Petition as untimely. To the extent Petitioner wishes to expand upon his brief discussion in the Petition regarding ongoing violations and health issues, the Court advises him that his show-cause response must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). The Court further advises Petitioner that if he fails to timely respond, the Court may dismiss the Petition without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*…. [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

IT IS THEREFORE ORDERED as follows:

1.    Petitioner's Motion to Supplement (Doc. 11) is GRANTED, and the Court will consider the pleading attached to the motion as a supplement to the original Petition (Doc. 1);

2.    Petitioner's Motion to Appoint Counsel (Doc. 13) is DENIED without prejudice; and,

3.    Within thirty (30) days of entry of this Order, Petitioner must file a written response showing cause, if any, why the Court should not dismiss his Petition as untimely.

IT IS SO ORDERED.

                                      */s/ Kirtan Khalsa*
                                      _____
                                      KIRTAN KHALSA
                                      UNITED STATES MAGISTRATE JUDGE