IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CURTIS TOLBERT,

    Petitioner,

v.                                                                                              No. 20-cv-0009 WJ-KK

MIKE DELATORRE and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Curtis Tolbert's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) (Petition). Also before the Court are his motions to amend his habeas claims (Doc. 16, 17). Tolbert challenges his 2011 state rape convictions. The Court previously directed him to show cause why his § 2254 claims should not be dismissed as untimely. Because Tolbert has not established grounds for tolling in connection with his original or new claims, the Court will dismiss the § 2254 claims with prejudice.

## BACKGROUND

In 2011, Tolbert pled no contest to multiple counts of criminal sexual penetration of a child; criminal sexual contact of a child; contributing to the delinquency of a minor; and bribery of a witness. *See* Doc. 1 at 1; Plea & Disposition Agreement in D-202-CR-2009-3851.[1] The state court sentenced him to 69 years imprisonment, with 54 suspended, for an actual term of 15 years.

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Tolbert's state court criminal dockets, Case No. D-202-CR-2009-3851 and S-1-SC-35597. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

*Id.*; Judgment in D-202-CR-2009-3851. Judgment on the conviction and sentence was entered April 25, 2011. *See* Judgment in D-202-CR-2009-3851. Tolbert did not file a direct appeal. *See* Doc. 1 at 2; Docket Sheet in D-202-CR-2009-3851. The Judgment became final no later than May 26, 2011, the first business day following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final after expiration of the direct appeal period); NMRA, Rule 12-201 (a direct appeal must be filed within 30 days after entry of the judgment).

On November 9, 2011, Tolbert filed the first of several state habeas petitions. The following timeline reflects the relevant state court docket activity between 2011 and 2020, when Tolbert filed the federal case.[2]

May 26, 2011:   The Judgment becomes final.

**- 167 days pass -**

Nov. 9, 2011:   Tolbert files a state habeas petition.

Oct. 15, 2015:   The state court enters an amended order denying the petition.

March 13, 2017:   New Mexico Supreme Court (NMSC) denies certiorari relief.

**- 863 days pass -**

July 24, 2019:   Tolbert files a second state habeas petition.

Oct. 8, 2019:   The state court denies the second petition.

Nov. 8, 2019:   The second habeas ruling is final.

**- 59 days pass –**

---

[2] The Court assumes, without deciding, that a 30-day appeal period should be added each time the state trial court denied a filing by Tolbert. This calculation method benefits Tolbert and does not change the result in this case.

2

Jan. 6, 2020:   Tolbert files the federal § 2254 Petition.

*See* Docket Sheet in D-202-CR-2009-3851.

Tolbert continued to file state habeas petitions after he initiated the federal § 2254 proceeding. The state court entered its most recent order denying habeas relief on March 18, 2021. *See* Order, Application, Petition, or Motion Denied in D-202-CR-2009-3851. There are currently no pending state habeas petitions. *See* Docket Sheet in D-202-CR-2009-3851.

In his original § 2254 petition, Tolbert argued: (1) the State made unlawful surreptitious recordings; (2) counsel failed to investigate or properly advise Tolbert on the plea; (3) the convictions constitute double jeopardy; (4) the arrest was improper; and (5) the prosecutor committed misconduct. *See* Doc. 1. By an Order entered April 15, 2022, the Court screened the original petition under Habeas Corpus Rule 4 and determined it was time-barred. *See* Doc. 14 (Screening Ruling); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). Tolbert was given an opportunity to show cause why the case should not be dismissed. He filed a timely response along with the motions to amend, and the matter is ready for review.

## DISCUSSION

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner does not file a direct appeal, the judgment becomes final when the time for seeking such review expires. *Locke*, 237 F.3d at 1271-73. The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

3

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Tolbert's limitation period began to run no later than May 26, 2011, after the direct appeal period expired in connection with the Judgment. *See Locke*, 237 F.3d at 1271-1273. One hundred and sixty-seven (167) days elapsed before Tolbert filed his state habeas petition, which stopped the clock pursuant to § 2244(d)(2). The state habeas proceeding remained pending until March 13, 2017, when the NMSC denied certiorari review. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [198 days]³ resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects no additional tolling activity during the next 198 days, and the one-year limitation period appears to have expired on September 28, 2017. Any state court habeas petitions filed after that date cannot - as Tolbert may believe -

---

³ The Court arrived at this figure by subtracting the number of days that initially elapsed (167) from the one-year period (*i.e.,* 365 days in a year - 167 days = 198 remaining days).

4

restart the clock or otherwise impact the expired limitations period.[4]  *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001).  Absent tolling, the § 2254 proceeding filed on January 6, 2020 is time-barred.

The Court explained the above principles in the Screening Ruling; set out the state court timeline; and identified the legal standards for statutory and equitable tolling.  *See* Doc. 14.  Tolbert does not dispute the timeline.  He admits the § 2254 claims in the original Petition are untimely.  *See* Doc. 15 at 1.  However, Tolbert seeks to amend and raise a "timely" claim based on a separate defect in the 2011 plea pleadings.  He argues the state judge demonstrated manifest injustice and violated various rules by participating in plea discussions.  *See* Doc. 16 at 1.  The state judge allegedly discussed possible sentence ranges with the attorneys before the plea agreement was executed.  The judge was also purportedly angry at Tolbert for taking an "untenable position" with respect to suppression of the surreptitious recordings by his daughter (the victim).  *Id.* at 7.  The judge denied his motion to suppress, but Tolbert contends her alleged irritation created additional pressure to accept a plea.  *Id.*  Tolbert asks this Court to permit him to withdraw his plea and order a new trial.  *See* Doc. 19.

The Court will grant Tolbert's request to amend his § 2254 claims, but such amendment will not change the result.  The one-year limitation period applies to all § 2254 claims.  *See* 28 U.S.C. § 2244(d); *Manco v. Werholtz*, 2007 WL 2461692, at *2 (D. Kan. Aug. 27, 2007) ("all habeas claims are barred upon expiration of the statute of limitations whether or not previously

---

[4] The Supreme Court has created one exception to this general rule.  *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."  555 U.S. 113, 120–21 (2009).  The *Jimenez* exception is inapplicable here because the appeal period was never reopened.

raised in state court," and "an additional one-year limitations period is not provided simply because petitioner raises a new claim"); *Bowman v. Calbone*, 190 Fed. App'x 703 (10th Cir. 2006) (citing § 2244 and noting the "limitations period on all habeas claims would have begun" on a certain date). Accordingly, Tolbert's Amended Petition (Doc. 16, supplemented by Doc. 19) is still subject to the one-year limitation period.

Beyond his theory on amendments, Tolbert appears to seek equitable tolling "because [he] never knew of … [Fed. R. Crim. P.] 11 [governing plea procedures], it has never been brought up, and [he] did not have legal access to this knowledge of manifest injustice." *See* Doc. 15 at 3. Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). It is well established that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* at 1229. This is true even where an inmate has limited access to legal materials. "Allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *Weibley v. Kaiser*, 50 Fed. App'x. 399, 403 (10th Cir. 2002). Tolling is similarly unavailable based on counsel's failure to notify him of specific grounds for relief or the habeas limitation period. *See Montoya v. Milyard*, 342 Fed. App'x 430, 432 (10th Cir. 2009) (The failure to "notify [petitioner] of the statute of limitations" constitutes ordinary negligence and is not grounds for tolling); *Jones v. Romero*, 835 Fed. App'x 973, 978 (10th Cir. 2020) (declining to apply tolling based on "improper advice" on "AEDPA's one-year window" for § 2254 filings).

Tolbert also contends the judge's participation in his plea proceeding constitutes a fundamental miscarriage of justice. The fundamental miscarriage of justice exception is generally

used to bypass a procedural default related to exhaustion, rather than the time-bar. *See Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). Even if the exception could bypass the time-bar, Tolbert would not prevail. To demonstrate a fundamental miscarriage of justice, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). He must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quotations omitted). Tolbert's arguments are directed at legal defects in his plea proceeding; he has not presented any new facts or evidence that would change a juror's verdict as to the sexual abuse of his daughter. Accordingly, the miscarriage of justice exception does not apply.

Tolbert finally alleges transcripts would show he was unduly pressured to accept a plea, but his request to review transcripts was "refused." *See* Doc. 16 at 2. To the extent he seeks any type of tolling on that basis, such request is denied. Tolbert knew about the facts supporting his claim – in particular the pressure he felt from counsel and the idea that the judge was "angry with him" – at the 2011 plea hearing. *See* Doc. 16 at 2-3. Tolling is therefore not available under § 2244(d)(1)(D), even if Tolbert was initially unable to obtain the supporting evidence/transcripts. Moreover, there are no specific allegations describing how and when Tolbert was prevented from obtaining transcripts, nor has he argued he was unable to file a habeas petition due to unconstitutional state action. *See* 28 U.S.C. § 2244(d)(1)(B).

In sum, the one-year limitation period expired on September 28, 2017, and Tolbert has not established grounds for tolling. Tolbert's § 2254 proceeding filed on January 6, 2020 is time-barred, and his Amended Petition (Doc. 16, supplemented by Doc. 19) has no impact on the time-

bar. The Court will grant dismiss Tolbert's Amended Petition with prejudice. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Tolbert's Motions to Amend Habeas Claims (**Docs. 16, 17**) are **GRANTED**.

**IT IS FURTHER ORDERED** that Tolbert's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 16, supplemented by Doc. 19**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE