IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CURTIS TOLBERT,

    Petitioner,

v.                                                                                                                                   No. 20-cv-0009 WJ-KK

MIKE DELATORRE and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Curtis Tolbert's Motion for Rehearing (Doc. 23) and Motion Seeking Certificate of Appealability (Doc. 22). Tolbert seeks reconsideration of the ruling dismissing his amended 28 U.S.C. § 2254 petition (Doc. 20) (Dismissal Ruling). In the Dismissal Ruling, the Court determined the one-year habeas limitation expired no later than September 28, 2017. *Id.* at 7. Tolbert did not file his § 2254 proceeding until January 6, 2020, and his show-cause responses failed to establish grounds for tolling. *Id.* On July 18, 2022, the Court dismissed the § 2254 proceeding as time-barred. *Id.* The Court denied a certificate of appealability and entered Final Judgment (Doc. 21) on the same day.

Tolbert filed the post judgment motions about two weeks later, on August 1, 2022. A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Tolbert has not established grounds for relief under Fed. R. Civ. P. 59(e). He concedes his opening § 2254 pleading was time barred. However, he argues the Court overlooked the fact that his amended § 2254 claims based on "Fed. R. Crim. P. 11(e)(1)" are not subject to the statute of limitations. The amended petition alleges the state judge and/or attorneys violated Fed. R. Crim. P. 11 during the 2011 state plea proceeding. The Court considered and rejected this argument in the Dismissal Ruling. As previously explained, there is no authority exempting "Rule 11 claims" from the habeas statute of limitations. The Court therefore declines to reconsider the Dismissal Ruling.

Tolbert's post-judgment motions also contain argument about improper conduct during the plea proceeding. A post-judgment motion should be construed as "a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). If the motion contains claims that seek relief from the conviction, the District Court lacks jurisdiction over those claims. *See Rodgers v. Crow*, 857 Fed. App'x. 475 (10th Cir. 2021). Tolbert's post-judgment motions primarily challenge statements and conclusions in the Dismissal Ruling. However, he does purport to offer "new evidence," which consists of additional allegations about the 2011 plea proceedings. *See* Doc. 23 at 3. To the extent the post-judgment motions raise successive habeas claims, the Court lacks jurisdiction to consider these claims.

For these reasons, the Court will deny the Motion for Rehearing (Doc. 23) and Motion Seeking Certificate of Appealability (Doc. 22), to the extent those motions seek reconsideration of the Dismissal Ruling. The Court will also dismiss any successive habeas claims in those motions without prejudice for lack of jurisdiction. A certificate of appealability will be denied under Habeas Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *United States v. Elliott*, 807 Fed. App'x 801, 802 (10th Cir. 2020) (district courts must grant or deny a COA in connection with post-judgment motions). Finally, the Court will direct the Clerk's Office to mail Tolbert another copy of the Dismissal Ruling, as Tolbert alleges his first mailing was missing pages.

**IT IS ORDERED** that Tolbert's Motion for Rehearing (**Doc. 23**) and Motion Seeking Certificate of Appealability (**Doc. 22**) are **DENIED**, to the extent he seeks reconsideration, and **DISMISSED without prejudice**, to the extent he raises successive habeas claims.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Tolbert another copy of the Dismissal Ruling (**Doc. 20**).

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE